UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| RAYMOND HUNTER, SR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 1:09-CV-246 |
| v. | ) | |
| | ) | |
| CVS PHARMACY and | ) | Chief Judge Curtis L. Collier |
| ABBOTT LABORATORIES | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On November 15, 2010, Plaintiff Raymond Hunter, Sr. ("Mr. Hunter") moved for sanctions against Defendants CVS Pharmacy (properly known as Revco Discount Drug Centers, Inc.) and Abbott Laboratories (collectively "Defendants") (Court File No. 73). On December 14, 2010, Magistrate Judge William B. Mitchell Carter issued an order denying Mr. Hunter's motion in most respects, but reserving for this Court the issue of whether, as Mr. Hunter puts it, Defendants should be sanctioned for unfairly "injecting" two previous lawsuits he filed into this lawsuit (Court File No. 83). For reasons discussed below, Mr. Hunter's motion seeking sanctions against Defendants will be **DENIED** (Court File No. 73).

Mr. Hunter asserts throughout the case Defendants have "branded" him as a person who files lawsuits "just because [he] can, and without good reason" (Court File No. 73). Mr. Hunter seeks sanctions specifically for Defendants' "injecting" into this lawsuit two past lawsuits he filed. According to Mr. Hunter, Defendants have caused him extreme mental anguish by bringing up these earlier lawsuits.

In the memorandum accompanying their motion for summary judgment, Defendants briefly reference Mr. Hunter's history of *pro se* lawsuits (Court File No. 70, p. 1). Defendants state the

present case is at least the third *pro se* lawsuit in which Mr. Hunter has been involved, and provide citations to the earlier cases. Defendants do not make any comment about the merit, or lack thereof, of these cases. Defendants also point out one of these cases, a case in which Mr. Hunter sued his brother, is pertinent to Mr. Hunter's initial claims in this case. This is because initially Mr. Hunter believed his brother, as payback for the lawsuit Mr. Hunter filed against him, was orchestrating his arsenic poisoning vis-a-vis the medication Mr. Hunter obtained from Defendants.

Sanctions may be appropriate against an attorney, law firm, or party when a party presents the Court with a pleading that does not comply with Rule 11(b) of the Federal Rules of Civil Procedure. This rule requires pleadings (1) be presented for proper purpose, (2) contain claims, defenses, and other contentions warranted by the law, (3) contain only factual contentions that have evidentiary support, and (4) contain only denials of factual contentions warranted by the evidence. Fed. R. Civ. P. 11(b). A motion for sanctions must describe the specific conduct that allegedly violates Rule 11(b). Fed. R. Civ. P. 11(c)(2).

The Court understands Mr. Hunter to be alleging Defendants' disclosure of his past lawsuits was made for improper purposes, namely, to harass him and to color the Court's perception of his current claims. However, the Court discerns a different, legitimate purpose to the disclosure. At various times throughout this litigation, Mr. Hunter has asserted or implied he is being taken advantage by Defendants because of his *pro se* status and unfamiliarity with legal procedure. Defendants' brief mention of Mr. Hunter's past litigation experience, while not strictly necessary to their motion for summary judgment, is nevertheless relevant to rebutting the general allegation present in various of Mr. Hunter's pleadings that he is being taken advantage of because of his unfamiliarity with the legal system. Additionally, the Court notes Defendants' reference to Mr. Hunter's past litigation is fleeting, comprising only one sentence and one footnote. Accordingly,

it does not appear to the Court Defendants disclosed Mr. Hunter's past *pro se* litigation for an improper purpose, in violation of Rule 11(b).[1] The Court therefore **DENIES** Mr. Hunter's motion for sanctions arising from Defendants' disclosure to the Court of his past *pro se* litigation (Court File No. 73).

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] Moreover, it does not appear Mr. Hunter has complied with the requirement of Rule 11(c)(2) to serve Defendants with a motion for sanctions at least 21 days before filing it with the Court.